ANTHONY M. ISOLA (SBN 274987)
Email: aisola@fisherphillips.com
RALPH HUA (*pro hac vice pending*)
Email: rhua@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111-3712
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Plaintiff
MIAO DU

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIAO DU,<br><br>       Plaintiff,<br><br>  vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, Secretary Of The Department Of Homeland Security; TRACY RENAUD, Acting Director of U.S. Citizenship and Immigration Services; and DONNA CAMPAGNOLO, Director Of U.S. Citizenship And Immigration Services California Service Center,<br><br>       Defendants. | Case No: _____<br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF |

## I. INTRODUCTION

1. Plaintiff Miao Du (a citizen of China residing in Sunnyvale, California), brings this mandamus action to compel defendants to complete the adjudication of her I-539 (Application to Change Nonimmigrant Status) and I-765 (Application for Employment Authorization), pending since January 07, 2021. This delay is unreasonable as a matter of law.

2. Ms. Du filed her applications with the United States Citizenship and Immigration Services (USCIS) almost six months ago. Her current employment authorization is set to expire on July 1, 2021. Despite her repeated inquires, the USCIS refused to timely adjudicate her case. Ms. Du therefore files this lawsuit to ensure that the USCIS promptly adjudicate her I-539 and I-765 applications.

## II. PARTIES

3. Plaintiff Miao Du is a citizen of China and resides in Sunnyvale, California.

4. Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security, an agency of the United States, named in his official capacity.

5. Defendant Tracy Renaud is the Acting Director of U.S. Citizenship and Immigration Services, an agency of the United States, named in their official capacity.

6. Defendant Donna Campagnolo is the Director for the USCIS California Service Center, an agency of the United States, named in their official capacity.

7. Defendant Department of Homeland Security (DHS) is the department within which the USCIS adjudicates nonimmigrant applications.

8. Defendant Citizenship and Immigration Services is the component of DHS that adjudicates nonimmigrant applications.

## III. JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a defendant. This Court also has jurisdiction over the present action

1  pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the
2  Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an
3  officer of the United States to perform his or her duty.

4      10.    Venue is proper in the Northern District of California under 28 U.S.C.
5  § 1391(e) because Plaintiff Miao Du resides in this district and the United States
6  government is a Defendant.

## IV.    FACTS AND BACKGROUND

    11.    The U.S. Congress has long stated that "[i]t is the sense of Congress that … a petition for a nonimmigrant visa under 8 U.S.C. § 1184(c) should be processed not later than 30 days after the filing of the petition." 8 U.S.C. § 1571(b).

    12.    For several decades, the Government's regulation required the USCIS and its predecessor to adjudicate an employment authorization application within 90 days. 8 CFR § 274a.13(d) (superseded by subsequent regulation on January 18, 2017).

    13.    In the preamble of the new regulation, responding to commenters' concern about the elimination of the 90-day adjudication requirement, the Department of Homeland Security (DHS) directed applicants to redress adjudication delays to a USCIS hyperlink with a topic of "employment authorization applications pending more [than] 75 days." See 81 FR 82455. This clearly indicates that even the USCIS considers an adjudication delay beyond 75 days is worth redressing.

    14.    The USCIS website states that a renewal of employment authorization should not be filed more than 180 days before the expiration date of the current employment authorization. This further demonstrates the USCIS' commitment in completing employment authorization renewal adjudication within 180 days.

    15.    Plaintiff Ms. Du is a citizen of China. She was admitted in H-4 status with her associated employment authorization ending on July 1, 2021.

    16.    Ms. Du works for a start-up consulting company that provides financial and human resource services to venture capital firms.

    17.    On January 7, 2021, Ms. Du concurrently filed an application to extend her

status (WAC2109850289) and an application for employment authorization (WAC2109850317). Both applications are pending at the USCIS California Service Center.

18. To date, the USCIS has not adjudicated Ms. Du's cases despite her expedite request with the agency.

19. Without an approval of her extension of status and renewal of employment authorization applications, Ms. Du will be forced to lose her job.

20. By Defendants' own estimate, the combined adjudication time of I-539 and I-765 applications is less than 45 minutes. *See* 84 FR 62292.

21. Defendants' refusal to timely adjudicate these two simple applications will cause great hardship to Ms. Du and her family both financially and emotionally.

22. There are no further administrative acts Ms. Du can take to obtain the benefits to which she is entitled.

### V.   FIRST CAUSE OF ACTION: ADMINISTRATIVE PROCEDURE ACT

23. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-22 above.

24. The Administrative Procedure Act requires the Defendants to adjudicate petitions within a reasonable time and without undue delay.

25. A near six-month delay in adjudicating the I-539 and I-765 applications is unreasonable as a matter of law, when Congress believes it should take no more than 30 days.

### VI.   SECOND CAUSE OF ACTION: WRIT OF MANDAMUS

26. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-22 above.

27. Defendants owe a ministerial duty to the Plaintiff to adjudicate the I-539 and I-765 applications.

28. A near six-month delay in adjudicating the I-539 and I-765 applications is unreasonable as a matter of law, when Congress believes it should take no more than 30

days.

29. No other adequate remedy is available to the Plaintiff.

30. This Court has authority under 28 U.S.C. § 1361 to compel Defendants to adjudicate the Plaintiff's I-539 and I-765 applications.

## VII. REQUEST FOR RELIEF.

This Court should enter judgment in favor of the Plaintiff granting the following relief:

1. Order Defendants to adjudicate the Plaintiff's I-539 and I-765 applications within 10 days;
2. Order Defendants to produce and mail out the Employment Authorization Document (I-766) to the Plaintiff within 3 days of I-765 approval;
3. Retain jurisdiction during the I-539 and I-765 applications adjudication to ensure compliance with the Court's orders;
4. Award reasonable costs and attorney fees;
5. Grant such other relief as the Court may deem just and proper.

Dated: June 15, 2021                    Respectfully submitted,

                                        FISHER & PHILLIPS LLP

                                        By:   */s/ Anthony M. Isola*
                                        ANTHONY M. ISOLA
                                        Attorney for Plaintiff
                                        MIAO DU

Dated: June 15, 2021                    FISHER & PHILLIPS LLP

                                        By:   */s/ Ralph Hua*
                                        RALPH HUA (*pro hac vice forthcoming*)
                                        Attorney for Plaintiff
                                        MIAO DU